# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| NAKEELA M. GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-01402 |
| | ) | |
| EDUCATIONAL DATA SYSTEMS, INC., | ) | JUDGE CAMPBELL |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nakeela Gardner, a Nashville resident proceeding pro se, has filed a Complaint under the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA) (Doc. No. 1 ("the Complaint")) against her former employer, Educational Data Systems, Inc. Plaintiff has filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) and a Motion for the status of that application. (Doc. No. 7.)

### I. PAUPER STATUS

Plaintiff's IFP application reports monthly income which, in the wake of her termination from employment, is limited to disability payments and wages from seasonal employment as a tax preparer—wages she was not earning when she filed this action on December 3, 2025. She further reports that she is living with family while she is in the process of obtaining a divorce. It thus appears that Plaintiff cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010)

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

### B. Analysis

Plaintiff sues her former employer for discriminating against her on the basis of her disability, including by refusing to reasonably accommodate that disability, after she underwent major surgery on December 15, 2023. (Doc. No. 1 at 2.) Prior to the surgery, Plaintiff had no

2

negative job performance history and was able to take her employer-issued laptop home pursuant to company policy authorizing remote work in the event of illness. (*Id.*) After surgery, she "required follow-up medical care, including X-rays and reevaluation" (*id.*), but Defendant refused to allow her the option to work remotely. (*See id.* at 3.) Plaintiff was engaged with her Senior Manager in the process of completing FMLA forms and was "await[ing] her scheduled medical reevaluation date" when Defendant fired her on April 23, 2024, "before the reevaluation date and while she was on protected medical leave." (*Id.* at 2.) Plaintiff was ostensibly terminated over her "failure to communicate," but she alleges that her termination came at a time when her employer was under scrutiny for failing to meet "key enrollment metrics" and having employees on leave was therefore "financially disadvantageous." (*Id.* at 3.) She asserts claims of discrimination and failure to accommodate (including accommodation in the form of "remote work options Plaintiff previously used") under the ADA; of interference with, and retaliation for, her pursuit of FMLA leave; and of wrongful termination "in retaliation for seeking medical leave." (*Id.* at 3–4.)

At this early stage, the above allegations are sufficient to support a reasonable inference that (1) Plaintiff was subjected to acts that were discriminatory or retaliatory after she had major surgery, *see Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 811 (6th Cir. 2020) ("[A]n employer's failure to grant a reasonable accommodation to a disabled employee falls under the ADA's definition of discrimination.") (citations omitted), and that (2) she was ultimately terminated for reasons that included her disability or her attempt to secure FMLA leave. *See Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 427 (6th Cir. 2014) ("An employer violates the FMLA when it 'interfere[s] with, restrain[s], or den[ies] the exercise of or the attempt to exercise' FMLA rights," or which it "'discharg[es] or in any other manner discriminat[es] against any individual for opposing any practice made unlawful' under the

3

FMLA.") (citations omitted). On September 8, 2025, the EEOC issued a notice of right to file suit within 90 days, which Plaintiff attached to her Complaint filed on December 3, 2025. (Doc. No. 1 at 8–9.)

Plaintiff's claims against her former employer will be allowed to proceed.

### III. CONCLUSION

As explained above, Plaintiff's case is sufficiently pled to survive initial review. However, the Court's determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Based on the foregoing explanation of this case's status, Plaintiff's Motion for status (Doc. No. 7) is **GRANTED**.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Educational Data Systems, Inc. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

4

Plaintiff is cautioned that she must keep the Court informed of her current address at all times, or risk dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE